UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ROYAL ROBERTSON,

                Petitioner,

v.

DIRECTOR, TDCJ-CID,

                Respondent.

No.  1:26-CV-00139-H

## **ORDER**

Petitioner Royal Robertson, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The Court ordered Petitioner to pay the $5 filing fee or file a signed application to proceed *in forma pauperis* and the required certified statement of his inmate trust account.  As explained below, the Court finds that the petition must be dismissed for want of prosecution.

On March 27, 2026, the Court entered a notice of deficiency and order requiring Petitioner to cure the filing-fee deficiency within 30 days.  Dkt. No. 5.  The Court advised Petitioner that his failure to comply with the order might result in the dismissal of his case for want of prosecution.  Petitioner filed an additional handwritten document, Dkt. No. 6, but did not attempt to address or cure the filing-fee deficiency.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

The Court finds that Petitioner has failed to comply with the Court's order or show good cause why his petition should not be dismissed. The Court, therefore, finds that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's prior orders.

So ordered.

The Court will enter judgment accordingly.

Petitioner is admonished that if he refiles his petition, he must use the required form and either pay the $5 filing fee or file the documents required for the Court to determine if he may proceed *in forma pauperis*.[1]

Dated May 27, 2026.

James Wesley Hendrix
United States District Judge

---

[1] Additionally, the Court notes that the original petition filed in this case is difficult to understand and does not comport with the requirements of Federal Rule of Civil Procedure 8(a), which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Rule 8(d) further mandates that a petitioner's allegations "be simple, concise, and direct." But Petitioner indicated that he seeks to challenge a judgment of conviction or sentence, a parole revocation proceeding, a disciplinary proceeding, and "AmarilloTX." *See* Dkt. No. 1 at 2. But he cannot challenge more than one matter in a single habeas petition. Thus, the Court cautions Petitioner that if he refiles his petition, he must take care to clearly indicate what he is challenging and provide a short and plaint statement of his grounds for relief.